UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN TAGGART,<br><br>                    Plaintiff,<br><br>     - against -<br><br>AEON INTERNATIONAL LIMITED<br><br>                    Defendant. | Docket No. 19-cv-010150 (LGS) |

## X̶[̶P̶R̶O̶P̶O̶S̶E̶D̶]̶ DEFAULT JUDGMENT

This matter came before the Court on plaintiff John Taggart ("Plaintiff")'s motion for entry of a default judgment against defendant Aeon International Limited ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.  After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

1.     Plaintiff's complaint and an original summons were served on Defendant on November 4, 2019.  An affidavit of service was filed with the Court on November 4, 2019.

2.     On December 26, 2019, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

3.     Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

4.     Plaintiff filed his application for entry of default judgment seeking $30,000.00 in statutory damages for copyright infringement, $10,000.00 in statutory damages for removal

and/or alteration of copyright management information, $1912.50 in attorneys' fees, and $440.00 in costs plus interest.

5. Defendant has not filed any opposition to Plaintiff's application for default judgment.

6. The Court scheduled a hearing for Plaintiff's application on __April 16, 2020, at 2:15 P.M.__; and Defendant failed to appear.

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's Application for Entry of Default Judgment is GRANTED pursuant to Fed.R.Civ.P. 55(b)(2); it is

**FURTHER ORDERED** that the Court declares that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work and violated 17 U.S.C. § 1202(b) by removal and/or alteration of Plaintiff's copyright management information; it is

~~FURTHER ORDERED that Defendant shall pay $30,000.00 in statutory damages under 17 U.S.C. § 504(c); it is~~

An order regarding damages will issue separately, as the matter is currently referred for an inquest on damages. (Dkt. No. 28).

~~FURTHER ORDERED that Defendant shall pay $10,000.00 in statutory damages under 17 U.S.C. § 1202(c)(3)(B); it is~~

~~FURTHER ORDERED that Defendant shall pay $1912.50 in attorneys' fees and $440.00 in costs pursuant to 17 U.S.C. § 505; it is~~

**FURTHER ORDERED,** that Defendant shall post-judgment interest under 28 U.S.C.A. § 1961; it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment; ~~and it is~~

~~FURTHER ORDERED that this case is dismissed and the Clerk of the Court shall remove it from the docket of the Court.~~

This is a final appealable order. *See* FED. R. APP. P. 4(a).

Plaintiff shall file service of this order on Defendant via mail and, if possible, via email, and file proof of service by April 29, 2020.

Dated: April 27, 2020
New York, New York

SO ORDERED.

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**